IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARMAND P. BOURQUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-22-00887-JD |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered on April 11, 2023. [Doc. No. 21]. Pro se Petitioner Armand P. Bourque is serving a life sentence for convictions in Texas state court. [Doc. No. 11-5]. In a separate case before the District Court of Oklahoma County, Oklahoma, he pleaded guilty to two counts of indecent or lewd acts with a child under the age of sixteen. [Doc. No. 21] at 2; *see also* [Doc. No. 1-1]. In 2004, the Oklahoma state court sentenced Mr. Bourque to a term of incarceration of 15 years on each count, to run concurrently to one another and to the time he was serving for his Texas convictions. [Doc. No. 21] at 2; *see also* [Doc. No. 1-1] ("These counts are to run concurrently each with the other and with the time now being served in the Texas Department of Corrections."). The Oklahoma state court also imposed fines, costs, and assessments, as set out in the judgment and sentence. *See* [Doc. No. 1-1] at 1–2. This is part of his judgment and sentence. *See id.* ("[I]n addition to the preceding terms, the defendant, Armand Bourque, is to pay the actual court costs to the Court Clerk instanter. . . .

[J]udgment is hereby entered against the defendant as to the fines, costs and assessments set forth above.").[1]

Mr. Bourque filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1], seeking relief from a detainer lodged against him by the State of Oklahoma. *See* [Doc. No. 1] at 2 ("What are you challenging in this petition: . . . [x] Detainer"). He named the Director of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and the Attorney General of Oklahoma as respondents. He is not challenging the Texas conviction and sentence; he challenges only the detainer placed on him by Oklahoma. [Doc. No. 1] at 1. Because he challenges an Oklahoma detainer, Judge Erwin concluded that the Attorney General of Oklahoma, but not TDCJ-CID, was the proper respondent here and TDCJ-CID was terminated as a named respondent. Order [Doc. No. 18]; *see also* [Doc. No. 19] at 1 (explaining that Mr. Bourque "agrees that respondent is solely the Oklahoma State Attorney General . . . [t]he official responsible for ordering the resolution of said detainer").

The Report and Recommendation examined the Pre-Answer Motion to Dismiss 28 U.S.C. § 2241 Habeas Corpus Petition as Untimely and/or Failure to Fully Exhaust Petitioner's Claim and Brief in Support [Doc. Nos. 16, 17] filed by Respondent Attorney General of Oklahoma. Since Respondent's motion relied upon evidence outside the

---

[1] The Court also takes judicial notice of the Oklahoma criminal case docket, Oklahoma County Case No. CF-2002-897, available on the Oklahoma State Courts Network, www.oscn.net (last assessed June 14, 2023). *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1107 n.18 (10th Cir. 2007) (citing Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Petition, Judge Erwin determined it should be converted to a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 81(a)(4)(A). [Doc. No. 21] at 2 n.3; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. 2003) (unpublished) (where the district court considered materials outside the petition in resolving the habeas petition, it "must first notify the parties of the conversion and provide an opportunity to present all materials pertinent to such a motion under Federal Rule of Civil Procedure 56"). As required, Judge Erwin gave the parties notice of his intention to convert the motion into one for summary judgment; Judge Erwin also directed Mr. Bourque to respond to the motion. Order [Doc. No. 18].

Mr. Bourque then submitted a filing entitled "Petitioners Response to Respondents Order" [Doc. No. 19], in which he stated that "the documents submitted with [the] Habeas petition should serve enough evidence to resolve this conflict." *Id.* at 1. Because this filing was non-responsive to Judge Erwin's Order, Judge Erwin struck it and, again, directed Mr. Bourque to respond to Respondent's motion. Order [Doc. No. 20]. Mr. Bourque failed to respond, so Judge Erwin entered the Report and Recommendation [Doc. No. 21], determining the timeliness of the Petition by analyzing the evidence submitted by Respondent in his motion and brief [Doc. Nos. 16, 17] and by Mr. Bourque in a previous filing [Doc. No. 11].

The Report and Recommendation concludes that the Petition is untimely under 28 U.S.C. § 2244(d)(1)(D) and recommends that the Court grant Respondent summary judgment. [Doc. No. 21] at 10–11.

Judge Erwin gave Mr. Bourque two opportunities to respond to Respondent's motion. Orders [Doc. Nos. 18, 20].[2] Judge Erwin also advised Mr. Bourque that he may file an objection to the Report and Recommendation with the Clerk of Court by April 28, 2023, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 21] at 11; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The record reflects that no objection to the Report and Recommendation has been filed by the deadline, and no extension of time to object has been requested. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (explaining that the Tenth Circuit's "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").

With no objection being filed, and upon its review of the record, the Court accepts the Report and Recommendation [Doc. No. 21]. As concluded by Judge Erwin, Respondent is entitled to judgment as a matter of law on the claim asserted in the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1].[3] Accordingly,

---

[2] Our adversarial system of adjudication follows the principle of party presentation, meaning courts "rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (internal quotation marks and citation omitted). Mr. Bourque was given opportunities to respond to Respondent's motion and failed to do so. He has failed to object to the Report and Recommendation, and he has not filed anything challenging Judge Erwin's findings and recommendations.

[3] Respondent alternatively argued Mr. Bourque failed to exhaust state court

Respondent's Pre-Answer Motion to Dismiss 28 U.S.C. § 2241 Habeas Corpus Petition as Untimely and/or Failure to Fully Exhaust Petitioner's Claim [Doc. No. 16] is GRANTED. A separate judgment shall issue.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[4] To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). After considering the Report and Recommendation and the record, the Court finds that reasonable jurists could not debate the determination that Respondent is entitled to summary judgment. Because Mr. Bourque cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

---

remedies under 28 U.S.C. § 2254(b)(1). *See* [Doc. No. 1] at 2–3 ("I am filing this appeal first hoping to get results."); [Doc. Nos. 16–17]. Mr. Bourque did not challenge the Report and Recommendation's conclusion that his claim is untimely, and Judge Erwin did not alternatively rule on the failure to exhaust contention. Thus, the Court does not analyze this alternative basis raised by Respondent.

[4] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

IT IS SO ORDERED this 14th day of June 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE